NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1152

RONALD CASEY,

Appellant

v.

RIVERSIDE SCHOOL DISTRICT; MICHAEL DUDA; GEORGE BIEBER;
CAROL ARMSTRONG

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-10-cv-02385)
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Opinion filed:  November 16, 2012)

OPINION

AMBRO, Circuit Judge

Ronald Casey brought discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Rights Act (PHRA). The District Court dismissed the suit for failure to exhaust administrative remedies. Casey filed a motion for reconsideration that the District Court denied because he failed to present "new evidence." Casey attempted to appeal that decision. However, the notice of appeal was not timely, and thus we do not have appellate jurisdiction.

Casey began working for the Riverside School District[1] as a buildings and grounds supervisor in 1996. After he denied a request by the husband of the School Board President to have access to the Riverside School Field House for private use, Casey claims that members of the School Board began to harass him. During a leave of absence precipitated by the harassment, Casey contends that he filed a complaint with the Equal Employment Opportunity Commission (EEOC) about the District's conduct.

In November of 2010, Casey filed a complaint in District Court asserting discrimination and retaliation claims under Title VII and the PHRA. The District filed a motion to dismiss, arguing that Casey failed to exhaust the necessary administrative remedies. At the time of the District's motion, Casey had not received a right-to-sue letter from either the EEOC or the Pennsylvania Human Rights Commission (PHRC). As a result, the District Court entered an order on March 23, 2011, granting the motion to dismiss. Casey then obtained a letter from the PHRC and filed a motion for reconsideration. On December 8, 2011, the District Court denied Casey's motion

___

[1] The individual defendants include Riverside School District, Michael Duda, George Bieber, and Carol Armstrong. They are referred to collectively as the "District."

because: (1) the PHRC letter was not new evidence, as Casey could have obtained it prior to the order granting the District's motion to dismiss; and (2) the letter did not satisfy the exhaustion requirement because it states only that Casey tried to file a complaint with the PHRC, not that he actually filed one. Casey filed an appeal on January 12, 2012. He argues that he provided the District Court with sufficient evidence to demonstrate that he pursued all administrative remedies afforded to him prior to filing a federal action, and that the District Court erred when it failed to accept a letter from the PHRC as adequate proof that he filed a PHRA claim (and therefore exhausted that administrative remedy).

As a threshold matter, we are required to consider whether we have appellate jurisdiction before reaching the merits of an appeal. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The District Court entered final judgment on Casey's motion for reconsideration on December 8, 2011. He did not file his notice of appeal until January 12, 2012. We thus lack jurisdiction to address the merits of Casey's appeal. *See Browder v. Dir. of Corr.*, 434 U.S. 257, 264 (1978) (explaining that the time limit for filing a notice of appeal is mandatory and jurisdictional). Accordingly, we must dismiss this appeal.[2]

---

[2] Even if we had jurisdiction, we would have affirmed the District Court's order on Casey's motion for reconsideration, as he did not present new evidence in that motion or demonstrate that he exhausted administrative remedies before bringing this suit. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).